572

## MERGNER v. UNITED STATES.

### No. 8806.

United States Court of Appeals
District of Columbia.

Decided Feb. 19, 1945.

Writ of Certiorari Denied April 30, 1945.

See 65 S.Ct. 1085.

Mr. John H. Burnett, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John W. Fihelly, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted of murder in the first degree and sentenced to death. On this appeal, the point most strongly urged is that, because of intoxication, he was so mentally incompetent, following his arrest, that a confession made at that time should not have been admitted into evidence. We have stated the rule upon this point as follows: "the drunken condition of an accused, when making a confession, unless such drunkenness goes to the extent of mania does not affect the admissibility in evidence of such confession, but may affect its weight and credibility with the jury."[1]

Although appellant was drunk, there is nothing in the record to show insanity or mania upon his part. The only question, then, is whether the jury was properly instructed concerning this evidence. Although no exceptions were taken by appellant's counsel, at the trial, to the instructions given, we have examined the charge, carefully, in order that appellant's rights may be fully protected.[2] We are satisfied that the jury was fully and properly informed as to the use which might be made of the disputed evidence and the weight, if any, which might be given to it.

[1] Bell v. United States, 60 App.D.C. 76, 77, 47 F.2d 438, 439, 74 A.L.R. 1098, and cases there cited; McAffee v. United States, 72 App.D.C. 60, 65, 111 F.2d 199, 204, certiorari denied, 310 U.S. 643, 60 S.Ct. 1094, 84 L.Ed. 1410, and cases there cited; see Morton v. United States, — U.S.App. —, 147 F.2d 28.

[2] Bishop v. United States, 71 App.D.C. 132, 133, 107 F.2d 297, 298, and cases there cited.

 It is next contended—relying upon our decision in Bullock v. United States[3] —that there was insufficient evidence to show the premeditation and deliberation which is necessary to sustain a conviction of murder in the first degree. The facts of the Bullock case are so different from those of·the present case as to make comparison difficult. There the killing was done within a second or two after the accused could first have thought of it; the question was whether a sufficient time could have elapsed to permit a mental operation which might properly be called deliberation or premeditation. So far as concerns the rule stated in the Bullock case—and in the earlier Bostic case[4] upon which its reasoning was rested—the facts of the present case bring it clearly within the scope of the rule. Appellant and the woman whom he killed had been long acquainted; she had worked in his home and he was in love with her; she left his home and his employment; they quarreled over money matters; the day before the shooting, he went to her room and left a $100 bond and a check for $20 for salary due; on the night of the killing, he talked to her over the telephone, they argued again over money, and she asked that he bring her clothes to her; although he usually did not carry a gun, he put one in his pocket and went to see her; after meeting her, she got in his car and they drove to the vicinity of Fifth and A Streets N. E., in Washington, D. C., where, following an argument, he shot her at least four times at close range; he then drove to Seventh Street N. E., where he removed a manhole cover and was carrying her body to put it in the sewer when he was interrupted by a passerby; whereupon he left the wounded woman and drove away. In several conversations with arresting officers, he referred to the woman as a "rat" and revealed a brooding hostility toward her. There can be no question of the sufficiency of this evidence to prove premeditation and deliberation.

 Appellant relies also upon the theory of drunkenness to show that there was no premeditation or deliberation. Upon this point, the language of the opinion in the second McAffee case[5] is equally applicable in the present case: "It is next contended that the evidence disclosed that appellant was greatly intoxicated at the time the murder was committed, hence, that he was mentally incapable of the deliberation and premeditation necessary to constitute first degree murder; therefore, that the court should have withdrawn from the jury the question of appellant's guilt in that respect. There is no merit in the contention. There was conflicting evidence upon the subject of appellant's intoxication and of his mental condition. Under the circumstances the question was one of fact and was properly submitted to the jury to determine whether, by reason of drunkenness or otherwise, appellant's condition was such as to make him incapable of deliberation or premeditation."[6] The trial judge instructed the jury fully upon this point and after he had concluded his instruction of the jury, at the request of appellant's trial counsel, he gave a further instruction specifically upon the point of deliberation and premeditation, particularly as it involves necessity for the lapse of an appreciable period of time between the formation of an intent to kill and the actual execution of that intent. These instructions adequately covered the subject in accordance with the applicable law.

 Appellant's contention based upon the McNabb case[7] that his confession was inadmissible because of improper delay in taking him before the Commissioner is entirely without merit.[8] He was taken before the Commissioner less than three hours after his arrest.

We have examined, carefully, all appellant's contentions and find no reason to disturb the verdict and the judgment of the District Court.

Affirmed.

---

[3] 74 App.D.C. 220, 122 F.2d 213.

[4] Bostic v. United States, 68 App.D.C. 167, 169, 170, 94 F.2d 636, 638, 639, certiorari denied, 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095.

[5] McAffee v. United States, 72 App.D.C. 60, 66, 111 F.2d 199, 205, certiorari denied, 310 U.S. 643, 60 S.Ct. 1024, 84 L.Ed. 1410.

[6] See Bishop v. United States, 71 App. D.C. 132, 107 F.2d 297.

[7] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[8] United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896.